**Janice Sue SCHRIEBER and Donald Schrieber, Her Husband, Plaintiffs-Appellants,**

v.

**Sherry Denise ALSUP, Defendant-Respondent.**

**No. 14558.**

Missouri Court of Appeals, Southern District, Division One.

Dec. 15, 1986.

W. Robert Cope, Summers, Cope & Walsh, P.C., Poplar Bluff, for plaintiffs-appellants.

Wendell W. Crow, Crow, Reynolds & Preyer, Kennett, for defendant-respondent.

GREENE, Presiding Judge.

Plaintiffs, Janice Sue Schrieber and her husband, Donald Schrieber, appeal a judgment affirming a jury verdict in favor of defendant, Sherry Denise Alsup. The lawsuit followed an automobile accident in which a motor vehicle driven by Sherry Alsup went out of control on a wet highway and overturned, causing injury to her passenger, Janice Schrieber. The Schriebers' claims for damages were submitted to the jury on the theories that Alsup was negligent in driving at an excessive rate of speed, under the circumstances, and failure to keep a proper lookout. After the adverse verdict, the Schriebers filed a motion for new trial in which the sole allegation of error was that the jury verdict was "against the law and the weight of the evidence." The motion was overruled by the trial court, judgment for defendant was entered, and this appeal followed.

The evidence at trial was that Sherry Alsup and Janice Schrieber, who were friends as well as classmates, were returning from swimming when they encountered a heavy rainstorm. Ms. Alsup was driving about 45 miles per hour at the time. She passed an automobile driven by Missouri Highway Patrolman Allen Foust, in order to avoid a heavy spray of water thrown on her windshield by the wheels of the Foust car. After Sherry completed her

pass, the wheels of her automobile struck a sheet of water that extended onto the highway, which Alsup said she had not seen previously, the car started to slide, and finally overturned.

The trooper, although a witness for plaintiffs, testified that Alsup "made a decent pass" when she went around him, and there was nothing erratic in her driving. He did say that he had seen the sheet of water, which was approximately ¼" deep about 50 yards before he came to it, and that Sherry was driving 50–55 miles per hour when she passed him. Janice Schrieber did not know how fast they were traveling when Sherry passed Foust's car, or what caused the accident. From this testimony, the jury evidently believed that the accident was not due to any negligence on the part of Ms. Alsup.

■ On appeal, the Schriebers attempt to enlarge on their claim of error made in their motion for new trial, by now claiming not only was the verdict against the weight of the evidence, but also that the verdict was not supported by substantial evidence. The "no substantial evidence" claim, raised now for the first time, is not reviewable as it was not properly presented and preserved at the trial court stage. *Turcol v. Shoney's Enterprises, Inc.,* 640 S.W.2d 503, 507 (Mo.App.1982).

■ The only preserved allegation of error is the claim that the jury verdict was against the weight of the evidence. The Schriebers contend that we have a duty to review such an allegation, citing *DeWitt v. American Family Mut. Ins. Co.,* 667 S.W.2d 700 (Mo. banc 1984), as authority for their position. Their reliance on *DeWitt* is misplaced. In *DeWitt,* the Supreme Court was considering whether a jury award of attorney fees, in a case where vexatious refusal to pay amounts allegedly due plaintiffs after a fire loss, was supported by substantial evidence. In discussing review of that point, the court stated, at 710, that the jury verdict would be sustained unless there was not substantial evidence to support it, or it was against the weight of the evidence, or it erroneously

declares or applies the law, citing *Trenton Trust Co. v. Western Surety Co.,* 599 S.W.2d 481, 483 (Mo. banc 1980), as authority for that statement. That portion of the statement from *DeWitt* which says "against the weight of the evidence" was dicta, as no claim was made on appeal in that case that the jury award of attorney fees was legally defective on that ground. The point, as stated in Point VI of appellant's brief in *DeWitt,* states:

The Trial Court Erred in Denying Appellant's Motion for

Directed Verdict and Motion for Judgment 'Notwithstanding the Verdict' Because the Respondent Failed to Make a Submissible Case in That Respondent Had No Insurable Interest Beyond Her Liability on the Mortgages, and There Was No Competent Admissible Evidence of the Difference in Fair Market Value of Respondent's Contents, the Increase and Duration of Additional Living Expenses, Attorney's Fees or That the Appellant Vexatiously Refused to Pay the Loss.

Further, *Trenton Trust,* cited as authority for the statement in question, was court-tried, in which case the standard of review enunciated in *DeWitt* was proper, and has been so since it was first established in *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). We do not believe that the Supreme Court intended in *DeWitt* to overturn the long line of Missouri cases holding that appellate courts do not weigh evidence in jury-tried cases, and may interfere only if there is a complete absence of probative facts to support the jury verdict. For example, see *Siegel v. Ellis,* 288 S.W.2d 932, 934 (Mo.1956), and cases cited in Mo.Digest 2d, Appeal & Error Vol. 3, Key Nos. 1001 and 1003. If such was their intention they did not say so.

We adhere to the time-honored rule that the jury was the sole judge of the credibility of the witnesses and the weight to be given their testimony, *Thayer v. Sommer,* 356 S.W.2d 72, 77 (Mo.1962); that determination of whether a jury verdict is against

the weight of the evidence is a matter that is within the exclusive province of the trial court, *Affiliated Foods, Inc. v. Strautman,* 656 S.W.2d 753, 763 (Mo.App.1983); and, that appellate courts, in such cases, do not weigh evidence or determine credibility of witnesses. *Powell v. Norman Lines, Inc.,* 674 S.W.2d 191, 197 (Mo.App.1984).

As there is no issue before us, other than the "against the weight of the evidence" claim, the judgment of the trial court should be, and is, affirmed.

CROW, C.J., and SEIER, Special Judge, concur.