**Jesse NISHWITZ, Plaintiff/Appellant,**

v.

**Richard BLOSSER, Defendant/Respondent.**

No. 61619.

Missouri Court of Appeals, Eastern District, Division Four.

March 30, 1993.

Gary E. Peel, Edwardsville, IL, for plaintiff/appellant.

Bryan Martin Groh, David T. Butsch, Henshaw, Culbertson, St. Louis, for defendant/respondent.

CRANE, Judge.

Plaintiff sought damages from defendant on a cause of action arising out of an automobile collision in which defendant's vehicle hit plaintiff's vehicle from behind. The jury returned a verdict in favor of defendant and the trial court entered judgment in accordance with the verdict. Plaintiff appeals from this judgment, asserting that the judgment was against the weight of evidence and that defense counsel made prejudicial remarks in closing argument. We affirm.

The collision occurred on December 1, 1988. On that date plaintiff was driving to work on Interstate 270. He was travelling in the left lane at 56–58 miles per hour in heavy but moving traffic. He saw the brake lights on the car in front of him and began to brake his car. He then realized that the car in front of him was fully stopped and he braked rapidly, locking his brakes and stopping approximately fifteen feet behind the car in front of him. Almost immediately after stopping he was struck from behind by defendant's vehicle. Plaintiff testified that there was no room to veer off to the left shoulder and too much traffic to veer to the right into the center lane.

Defendant had been driving approximately 250 feet behind plaintiff in the left hand lane. He did not know his exact speed, but testified he was moving at the same speed as the other traffic. Defendant checked his rear view mirror in order to make a lane change and noticed a car approaching quickly along his right side. To get a better view of the approaching car, defendant looked back over his right shoulder. While his head was turned, he noticed plaintiff's brakelights out of the corner of his eye. Defendant turned his head to the front and saw the car ahead of him was slowing down. He also began to slow down. Within "a fraction of a second" defendant realized plaintiff's car was stopping. At this point plaintiff's car was approximately 150 feet in front of defendant. Defendant knew he could not move over to the center lane because of the other traffic and that it would not be safe to go off into the median. Defendant applied his brakes and his car went into a skid as his brakes locked up. When he realized he would not be able to stop in time, he tried to veer to the left. He estimated about three fourth's of his car was on the shoulder at the time it struck plaintiff's vehicle which was centered in the left lane. The right front-corner of defendant's car struck the left rear-corner of plaintiff's car. The impact pushed plaintiff's car into the car ahead of him. Plaintiff's car flipped over and landed upside-down in the center lane of traffic. After the accident, the parties saw a mattress lying on the highway underneath the car which had stopped ahead of plaintiff.

For his first point plaintiff asserts that the verdict and judgment were "against the weight of the evidence" and "not supported by any probative evidence."

This assertion of error, as stated, does not present an issue for review. Even if we ignore the reference to the verdict, this point violates Rule 84.04(d) because it does not state why a ruling of the trial court was erroneous. *Biller v. Big John Tree Transplanter Mfg.*, 795 S.W.2d 630, 635 (Mo.App.1990); *Grundmann v. Knezevich*, 449 S.W.2d 874, 875–76 (Mo.App.1970). Secondly, questions as to the weight of the evidence are not subjects of appellate review. It is within the exclusive province of the trial court to determine if a jury's verdict is against the weight of the evidence. *Weatherly v. Miskle*, 655 S.W.2d 842, 844 (Mo.App.1983); *Schrieber v. Alsup*, 721 S.W.2d 235, 236–37 (Mo.App.1986). An appellate court interferes only if there is a complete absence of probative facts to support a jury verdict. *Schrieber*, 721 S.W.2d at 236.

Plaintiff argues that the "rear end collision doctrine" should be applied to the facts and that such an application would result in a finding of no probative evidence to support a verdict in favor of defendant. This argument misconstrues the nature and purpose of that doctrine.

The rear end collision doctrine is described as follows:

> The rear-end collision doctrine recognizes that if one has his vehicle in a portion of the highway where he should have it in view of his course, and another traveling behind him in the same direction overtakes him and permits his vehicle to run into the rear of the one ahead, proof of the collision under such circumstances makes out a *prima facie* case of specific negligence against the driver operating the overtaking vehicle.

*Kaufmann by Kaufmann v. Nagle*, 807 S.W.2d 91, 94 (Mo. banc 1991) (quoting *Ethridge v. Gallagher*, 773 S.W.2d 207, 211 (Mo.App.1989)). That case summarizes the various circumstances in which the doctrine applies and when the court may submit it to the jury.

■ However, even in cases in which the doctrine applies to the facts, it does not compel a directed verdict or prohibit a defendant's verdict. The doctrine provides that the circumstances establish a *prima facie* case of specific negligence. A *prima facie* case is a case which is sufficient to go to the jury. *Linkogel v. Baker Protective Services, Inc.*, 659 S.W.2d 300, 305 (Mo. App.1983); *State v. Hardelein*, 70 S.W. 130, 131, 169 Mo. 579 (1902). It would compel a finding for plaintiff if defendant produces no evidence to rebut it. *Gilpin v. Missouri, K. & T. Ry. Co.*, 94 S.W. 869, 871, 197 Mo. 319 (1906). However, a *prima facie* case does not entitle a plaintiff to prevail as a matter of law, *Linkogel*, 659 S.W.2d at 305, or *per se* entitle plaintiff to a favorable verdict or a new trial from the appellate court. *Robinson v. St. John's Medical Center, Joplin*, 508 S.W.2d 7, 11 (Mo.App.1974).

■ In this case the case was submitted to the jury under MAI 17.16, the MAI verdict director for a rear end collision. In order for plaintiff to prevail, this instruction requires the jury to find defendant negligent. The jury was instructed that negligence means the failure to use the highest degree of care and that the phrase "highest degree of care" means that degree of care that a careful and prudent person would use under the same or similar circumstances. MAI 11.03. A motorist who is following another vehicle must use the highest degree of care to keep a proper lookout for other vehicles and traffic, to avoid following the vehicle ahead too closely, and to have his or her vehicle under such control as to be able to stop or take other appropriate measures to avoid running into the vehicle ahead if it should suddenly slow or stop. *Roddy v. Francis*, 349 S.W.2d 488, 491–92 (Mo.App.1961). That motorist must have his or her car under such control to avoid foreseeable dangers and emergencies, but the motorist is not required to anticipate an emergency arising under circumstances that could not have been reasonably anticipated by a driver exercising the highest degree of care. *Joffe v. Beatrice Foods Company*, 341 S.W.2d 880, 884 (Mo.App.1960).

■ There was evidence from which the jury could have found that defendant was using the highest degree of care and that

plaintiff's sudden complete stop in the fast lane of highway traffic was not reasonably foreseeable to a driver exercising the highest degree of care. Accordingly, there were probative facts to support the jury verdict for defendant. Point one is denied.

■ In point two of his brief, plaintiff objects to remarks made by defendant's counsel in closing argument that a police report showed defendant's skid marks as 105 feet when the evidence at trial was that they were 150 feet and there was no evidence of a police report. We first observe that in his point plaintiff does not refer to any action taken by the trial court which he contends was erroneous, thus failing to comply with Rule 84.04(d). *Schaefer v. Accardi*, 315 S.W.2d 230, 235 (Mo.1958). As a result, plaintiff has not preserved this point for appellate review. *Id.*

Further, the argument under this point does not comply with Rule 84.04. The argument does not identify any objection to the remarks or any trial court ruling relating to the allegedly objectionable remarks, in violation of Rules 84.04(d) and (e). *Varnal v. Weathers*, 619 S.W.2d 825, 829 (Mo. App.1981). It does not make any page reference to the record where the objectionable remarks were made, in violation of Rule 84.04(h). *Kasper v. Helfrich*, 421 S.W.2d 66, 71 (Mo.App.1967). The argument thus wholly fails to preserve any error for review.

Because relevant references to the record were made in the statement of facts, we have *ex gratia* examined the record for plain error. Defendant's counsel stated in argument:

> And I don't believe it was 150 feet. I believe that it was testified 105 feet. And that's what's on the police report, and that's—and I think that's been testified.

At that point plaintiff's counsel objected on the ground that there was no evidence of "what was on the police report." The trial court sustained the objection. Plaintiff's counsel asked that the jury be instructed to disregard defense counsel's remark. The

court so instructed the jury. Counsel asked for no further relief.

Plaintiff's objection was sustained and plaintiff received all the relief he requested. Plaintiff did not seek any further relief in the trial court and does not even identify on appeal what other relief the trial court should have granted. Plaintiff merely seeks reversal on the ground that the remarks were prejudicial. Under these circumstances there is nothing for us to review. *Welch v. Burlington Northern R. Co.*, 807 S.W.2d 226, 228 (Mo.App.1991). There was no error, plain or otherwise. Point two is denied.

For his third point plaintiff asserts the trial court erred in failing to grant a mistrial where defense counsel stated during closing argument, "Jesse Nishwitz testified that his medical bills were paid, but you will recall, that there was no evidence that he paid them." [1] Plaintiff contends that this remark is prejudicial because it intimated that the bills had been paid by insurance or by another party in the multicar collision.

The tape recording of this part of the argument was lost before a transcript was made. The parties stipulated that defendant's counsel made the above statement and that plaintiff's counsel thereupon stated, "Your Honor, I move for a mistrial." While the jury was deliberating, counsel for plaintiff made a record of the basis for his request for a mistrial. The court denied the motion. The court found that the remark was not so prejudicial as to warrant a mistrial and that plaintiff had not made a sufficient objection during argument to give the court the opportunity to remedy any prejudice.

■ The request for a mistrial was not sufficient to entitle plaintiff to relief. The request made during argument was too general to preserve any alleged error for review. *State ex rel. State Highway Comm'n v. City of St. Louis*, 575 S.W.2d 712, 725 (Mo.App.1978). An objection to argument should be specific in identifying

---

1. On direct examination plaintiff identified each of his medical bills and testified that they had

been marked "paid" without specifying who had paid them.

why the argument is improper and in asking the trial court for an appropriate curative measure. *Id.*

The specific identification of error was not made until after closing arguments were concluded. Failure to properly object to an argument at the time it is made to a jury results in a waiver of any right to complain of the argument on appeal, even if the point is preserved in an after trial motion. *Glasscock v. Miller*, 720 S.W.2d 771, 777 (Mo.App.1986). If the objection is not timely, the trial court has no opportunity to take corrective action at the time the remarks were made. *Id.*

Plaintiff does not seek plain error review and we find the remarks do not constitute plain error. Plaintiff argues that it was prejudicial to inject into the case the fact that the bills were paid by someone other than plaintiff. From the record we can only determine that defense counsel accurately characterized plaintiff's testimony. Because of the loss of the tape and lack of a transcript of this part of the argument, we have no record of what preceded or followed defense counsel's isolated statement and have no means of determining the context in which this remark was made. The trial judge who was present subsequently ruled that the remark was not so prejudicial as to require a mistrial. Under these circumstances we have no basis to find the remark constituted manifest injustice or a miscarriage of justice. Point three is denied.

The judgment of the trial court is affirmed.

CARL R. GAERTNER, P.J., and CRAHAN, J., concur.