**LeeAnn FEICK, Appellant,**

v.

**Jeanine FENLON, Respondent.**

**No. 69922.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Feb. 25, 1997.

Cofman & Townsley, Stuart Cofman, Debra Duffin, St. Louis, for Appellant.

Homire, Mueller & Bippen, Crystal Y. Smith, St. Louis, for Respondent.

KAROHL, Judge.

A jury rejected plaintiff LeeAnn Feick's claim for personal injuries. The trial court entered a judgment for defendant in accord

with the verdict. The jury found for defendant Jeanine Fenlon and gratuitously noted on the verdict form that it found "0" damages. Feick appeals.

On February 6, 1992, plaintiff was driving her minivan southbound on Highway 270. As she approached the Highway 55 exit, her vehicle was struck on the right rear by an automobile driven by defendant. The trial court submitted plaintiff's proposed verdict directing instruction and submitted two theories of defendant's negligence, failure to keep a careful lookout and rear-end collision. The theory of the defense was plaintiff was the sole cause of the accident because of a sudden stop and plaintiff sustained no personal injuries.

■ Plaintiff's only point on appeal is "THE TRIAL COURT ERRED IN ENTERING JUDGMENT FOR DEFENDANT IN THAT Plaintiff MADE A PRIMA FACIE CASE OF NEGLIGENCE WHICH WAS UNCONTROVERTED BY DEFENDANT, AND THE JURY'S VERDICT FOR DEFENDANT WAS UNSUPPORTED BY ANY PROBATIVE EVIDENCE." For a number of reasons this claim of error fails. First, plaintiff has the burden of proof and a verdict for defendant need not be supported by any evidence. *Bakelite Company v. Miller,* 372 S.W.2d 867, 871–72 (Mo.1963).

■ Second, plaintiff's argument that the "rear-end collision doctrine" applies and excludes the possibility of a reasonable jury finding for defendant is not persuasive. Specifically, plaintiff argues the doctrine provides that the circumstances of the accident establish a prima facie case of specific negligence. She argues it compels a finding for plaintiff if the defendant produces no evidence to rebut it. In support of her argument plaintiff cites this court's opinion in *Nishwitz v. Blosser,* 850 S.W.2d 119, 122 (Mo.App. E.D.1993).

However, in that opinion we also held that a prima facie case does not entitle a plaintiff to prevail as a matter of law or per se entitle plaintiff to a favorable verdict. *Id.* In order for plaintiff to prevail under the applicable motor vehicle jury instruction the jury must find defendant negligent. Negligence is defined as failing to use that degree of care that a very careful and prudent person would use under the same or similar circumstances. In *Nishwitz,* we affirmed a judgment on a jury verdict for a following motorist where there was evidence that defendant was using the highest degree of care and that plaintiff's sudden complete stop in the fast lane of highway traffic was not reasonably foreseeable. We concluded there was probative evidence to support the jury verdict for defendant based on the facts.

In the present case there is also evidence to support the jury verdict for defendant. Defendant testified she got off work at 4:30 p.m. The accident happened about fifteen minutes later as she was proceeding home. There was a light mist and the pavement was wet. The collision occurred on the travel lane of Highway 270. For a distance of one mile before the accident, the traffic was bumper-to-bumper, stop-and-go. The highest speed she could travel was "possibly fifteen miles an hour." The collision occurred after plaintiff "slammed on her brakes." That had not occurred previously. In response, defendant "immediately slammed on [her] brakes, swerved the wheel to the right, and just clipped the back—right of her bumper." Defendant estimated her speed at impact as "a couple miles an hour." Two and one-half years later she had her car repaired. This evidence is sufficient to support a finding for defendant on the liability issue.

■ Third, the verdict directing instruction informs the jury that it must find for plaintiff if it believes defendant was negligent and plaintiff "sustained damage." The verdict form contains a direction that the jury need not reach the issue of damages if it finds in favor of defendant, but the present jury added a finding of zero damages. This finding was supported by the evidence. The medical evidence regarding plaintiff's claims of personal injury to her neck, shoulders, shoulder blades and back was conflicting. Particularly, her claim of a ruptured cervical disc was opposed by medical testimony which included a negative MRI, x-ray examinations and medical opinions. She saw a number of doctors between 1989 and January 27, 1992, prior to the subject collision, for back, shoul-

der, hand and wrist complaints. She was diagnosed as having various ailments, including fibrositis, inflamed rib cartilage. She never alleged aggravation of preexisting conditions. She offered no medical evidence to support a finding on aggravation or exacerbation of preexisting abnormal physical conditions.

Our review of the evidence confirms there was evidence to support the finding of the jury that: (1) defendant did not breach a duty of care and cause the vehicle collision; and, (2) plaintiff failed to prove any compensable personal injury.

We affirm.

RHODES RUSSELL, P.J., and SIMON, J., concur.