Earl D. McCONNELL and Norma Faye McConnell, Appellants,

v.

Jerry STALLINGS, Respondent.

No. 21240.

Missouri Court of Appeals,
Southern District,
Division One.

Nov. 19, 1997.

King E. Sidwell, Blanton, Rice, Sidwell & Gilmore, L.L.C., Sikeston, for Appellants.

Wendell W. Crow, Crow, Reynolds, Preyer, Shetley & McVey, LLP, Kennett, for Respondent.

CROW, Judge.

Plaintiffs, Earl D. McConnell and Norma Faye McConnell, sued Defendant, Jerry Stallings, averring that Earl[1] was injured when the rear of a motor vehicle he was operating was struck by a motor vehicle operated by Defendant. Earl sought money damages for his alleged injuries; Norma sought money damages for loss of Earl's consortium.

A jury returned a verdict assessing no fault against either Earl or Defendant. Consistent with the verdict, the trial court entered judgment denying Plaintiffs' claims.

Plaintiffs appeal. The first of their three points relied on reads:

"The trial court abused its discretion in overruling Plaintiff's [sic] motion for new trial and in entering judgment on the jury's verdict because there was no substantial evidence or a complete absence of probative facts to support the verdict in that Plaintiff stopped his vehicle upon a county road overpass to an interstate highway, intending a left hand turn, yielding to oncoming traffic when Defendant, who was coming from behind Plaintiff on an unobstructed county road on a bright, clear, dry day overtook and permitted his vehicle to run into the rear of Plaintiff's vehicle; there was no evidence, testimony or contention at trial that Plaintiff suddenly stopped or slowed his vehicle without adequate warning and the unrefuted evidence by Plaintiff's treating physician was that he was injured as a result of the collision."

1. For brevity and clarity, we refer to plaintiff Earl D. McConnell as Earl, and to plaintiff Norma Faye McConnell as Norma. We mean no disrespect.

Defendant maintains the above claim of error is not preserved, as it is not set forth in Plaintiffs' motion for new trial.

The motion for new trial comprises eight paragraphs. The first four are:

"1. That the verdict is against the weight of the evidence.

2. That the verdict is against the greater weight of the credible evidence.

3. That the verdict is against the law under the evidence.

4. That the Court erred in refusing to grant Plaintiff's [sic] Motion for Directed Verdict at the close of all the evidence because Defendant's evidence failed to show any causal connection between the accident alleged in Plaintiff's [sic] petition and the alleged failure to signal intention to turn."

■ Paragraph 3, above, preserves nothing for review. *Robbins v. Robbins*, 328 S.W.2d 552, 555[6] (Mo.1959).

■ Paragraphs 1 and 2, above, present a different contention than Plaintiffs' first point on appeal. Paragraphs 1 and 2 aver the verdict is "against the weight of the evidence," and "against the greater weight of the credible evidence," respectively. Plaintiffs' first point on appeal avers there was "no substantial evidence or a complete absence of probative facts to support the verdict."

An averment in a motion for new trial that a verdict is against the weight of the evidence implies there is some evidence to support the verdict. *Robbins*, 328 S.W.2d at 556[9]. Consequently, paragraphs 1 and 2, above, do not preserve the contention in Plaintiffs' first point. It is thus apparent that if Plaintiffs' first point is preserved in their motion for new trial, it has to be in paragraph 4.

■ Before addressing that subject, we note that a verdict for a defendant on a plaintiff's claim need not be supported by any evidence; such a verdict rests upon a finding by the jury against the party having the burden of proof. *Bakelite Company v. Miller*, 372 S.W.2d 867, 871–72[7] (Mo.1963).

However, in the instant case Plaintiffs submitted their claims to the jury under the "rear end collision doctrine." We must therefore consider whether, in such a situation, a complaint on appeal that there was no substantial evidence or a complete absence of probative facts to support the verdict alters the general rule that a verdict for a defendant on a plaintiff's claim requires no evidentiary support.

In *Nishwitz v. Blosser*, 850 S.W.2d 119, 122 (Mo.App. E.D.1993), the court said:

"The rear end collision doctrine is described as follows:

The rear-end collision doctrine recognizes that if one has his vehicle in a portion of the highway where he should have it in view of his course, and another traveling behind him in the same direction overtakes him and permits his vehicle to run into the rear of the one ahead, proof of the collision under such circumstances makes out a *prima facie* case of specific negligence against the driver operating the overtaking vehicle.

*Kaufmann by Kaufmann v. Nagle*, 807 S.W.2d 91, 94 (Mo. banc 1991) (quoting *Ethridge v. Gallagher*, 773 S.W.2d 207, 211 (Mo.App.1989))."

As to the effect of the doctrine, *Nishwitz* explains:

"[I]n cases in which the doctrine applies to the facts, it does not compel a directed verdict or prohibit a defendant's verdict. The doctrine provides that the circumstances establish a *prima facie* case of specific negligence. A *prima facie* case is a case which is sufficient to go to the jury. *Linkogel v. Baker Protective Services, Inc.*, 659 S.W.2d 300, 305 (Mo.App.1983); *State v. Hardelein*, 70 S.W. 130, 131, 169 Mo. 579 (1902). It would compel a finding for plaintiff if defendant produces no evidence to rebut it. *Gilpin v. Missouri, K. & T. Ry. Co.*, 94 S.W. 869, 871, 197 Mo. 319 (1906). However, a *prima facie* case does not entitle a plaintiff to prevail as a matter of law, *Linkogel*, 659 S.W.2d at 305, or *per se* entitle plaintiff to a favorable verdict or a new trial from the appellate court. *Rob-*

*inson v. St. John's Medical Center, Joplin,* 508 S.W.2d 7, 11 (Mo.App.1974)."

*Nishwitz,* 850 S.W.2d at 122[4–7].

■ Inasmuch as the vehicle operated by Defendant in the instant case struck the rear of the vehicle operated by Earl, it is arguable from the above passage that Defendant was required to present evidence rebutting Plaintiffs' *prima facie* case in order to escape liability. As recounted below, Defendant presented such evidence. Consequently, we need not decide what the consequences would have been had he failed to do so.

Defendant testified he was "probably going about 55, [the] speed limit." He avowed that as he approached the overpass, he saw the top of Earl's vehicle (a van) but "couldn't tell ... whether the van was still moving or sitting still." Defendant's testimony continued: "[A]s I got up on the overpass and could see the van and the tail lights, I never seen any blinkers or any brake lights on this van."

The investigating officer testified, without objection, that a driver can anticipate that a vehicle ahead of him is moving unless its driver gives a signal to the contrary. Skid marks indicated Defendant applied his brakes before impact, but not soon enough to avoid the collision.

Earl testified he had come to a complete stop with his "directional turn signals on" and his foot on the brake at the time of impact. However, the jury was not required to believe that testimony. *Hoene v. Associated Dry Goods Corp.,* 487 S.W.2d 479, 483–84[8] (Mo.1972). The jury could have believed that Earl, in preparation for his left turn, was proceeding slowly without braking or signaling.[2]

Defendant's evidence rebuts the averment in Plaintiffs' first point that there was no substantial evidence or a complete absence of probative facts to support the verdict. That being so, we need not decide whether Plaintiffs' first point was preserved in their motion

for new trial, as the point is meritless, preserved or not.

Plaintiffs' second point charges the trial court with plain error for allowing the investigating officer to give the testimony referred to in our discussion of point one, i.e., a driver can anticipate that a vehicle ahead of him is moving unless its driver gives a signal to the contrary. As noted earlier, that testimony was received without objection. Furthermore, it is unmentioned in Plaintiffs' motion for new trial.

■ A party who fails to object to testimony at trial fails to preserve any issue regarding its admissibility for appellate review. *McHaffie v. Bunch,* 891 S.W.2d 822, 830[13] (Mo. banc 1995). Furthermore, even had Plaintiffs objected at trial, they failed to take the second mandatory step in preserving the issue, as they did not raise it in their motion for new trial. Rule 78.07[3]; *State ex rel. McNutt v. Northup,* 367 S.W.2d 512, 514[7] (Mo.1963).

Realizing this, Plaintiffs ask this court to grant relief under Rule 84.13(c). That rule authorizes an appellate court to consider plain errors affecting substantial rights, though not preserved, when the court finds that manifest injustice or miscarriage of justice has resulted therefrom.

■ Plain error relief, rarely granted in civil cases, is reserved for situations where the error complained of has engendered hatred, passion or prejudice. *Rhodus v. Wheeler,* 927 S.W.2d 433, 437[10, 11] (Mo.App. W.D.1996); *Robertson v. Cameron Mutual Insurance Co.,* 855 S.W.2d 442, 447[8] (Mo. App. W.D.1993). Plain error relief is not granted to cure a mere failure to make a proper and timely objection at trial. *Elfrink v. Burlington Northern Railroad Co.,* 845 S.W.2d 607, 613[11] (Mo.App. E.D.1992); *Hensic v. Afshari Enterprises, Inc.,* 599 S.W.2d 522, 525[4] (Mo.App. E.D.1980).

■ Plaintiffs fail to demonstrate that the testimony complained of in their second point engendered hatred, passion or prejudice.

---

**2.** At Defendant's request, the trial court gave the jury an instruction hypothesizing that Earl failed to signal an intention to turn. Plaintiffs assign no error regarding that instruction.

**3.** References to rules are to Missouri Rules of Civil Procedure (1997).

Adhering to the precedents in the preceding paragraph, we hold Plaintiffs' second point does not warrant plain error relief.

Plaintiffs' third, and final, point reads:

"The court erred in permitting improper questions, comments and argument pertaining to the application of Plaintiff[ [4]] for disability benefits in violation of the court pre-trial order on Plaintiff's [sic] motion in limine to exclude such testimony and that although the court sustained Plaintiff's [sic] objection, the questions and/or comments to the questions were prejudicial to Plaintiff [sic] and deprived Plaintiff [sic] of a fair trial because Defendant introduced the issue of a collateral source by questioning Plaintiff with respect to the continuation of disability claim which he was filing for personal injury and that introduction of such evidence was prejudicial to Plaintiff [sic]."

Although neither the point nor the argument following it cites the page in the 233-page transcript where the alleged error appears, we believe the point is based on the following exchange during cross-examination of Earl by Defendant's lawyer:

"Q All right, sir. And right here, all these last visits that you say that you saw the doctor for was for—what's that say there (indicating)? For a continuation of disability claim. You were filing a claim. And all these times you got right out here, your explanation—

[Plaintiffs' lawyer]: Your Honor, may we approach the bench?

THE COURT: Yes, sir.

(Counsel approached the bench, and the following proceedings were had:)

[Plaintiffs' lawyer]: I think I have orally recited a motion in limine which the Court sustained, and [Defendant's lawyer] needs to discontinue this line of questioning.

[Defendant's lawyer]: Your Honor, this is—this doesn't have anything to do with the objection he made. It's about the fact that the man is receiving disability payments and benefits. And I told him that I would not get into the amounts and that type thing that he's getting for disability.

Surely I can show that he's seeing a doctor, as his answers to interrogatories clearly state, for the purpose of continuation of his disability claim. We have into evidence already that Bernard Rice wrote a letter wanting the doctor to say that he's totally disabled for that purpose and the doctor said no. Surely I'm entitled to develop this part.

[Plaintiffs' lawyer]: I believe [Defendant's lawyer] is the one who's trying to bootstrap himself in, because [he] is the one who read that, not me.

[Defendant's lawyer]: Read what?

[Plaintiffs' lawyer]: What you're referring to as a letter.

[Defendant's lawyer]: Well, the letter was in evidence.

THE COURT: All right. Why don't we leave the disability claim alone. I'm afraid it would muck it up. I understand [Defendant's lawyer's] position, but let's please get off of that and the objection will be sustained."

■ Plaintiffs' lawyer requested no further relief. When Defendant's lawyer resumed cross-examination, he pursued a different line of inquiry.

■ The transcript indisputably demonstrates that by sustaining the objection, the trial court granted Plaintiffs all the relief they requested. A party cannot complain on appeal when he or she receives all the relief requested. *Langdon v. Wight*, 821 S.W.2d 508, 512[2] (Mo.App. E.D.1991). A party may not assert as error that the trial court failed to do more than was requested. *Edley v. O'Brien*, 918 S.W.2d 898, 906[9] (Mo.App. S.D.1996).

Plaintiffs' third point is denied.

Judgment affirmed.

GARRISON, P.J., and PREWITT, J., concur.

■

4. Earl, not Norma.