**Bruce W. GRAHAM,
Plaintiff/Respondent,**

v.

**COUNTY MEDICAL EQUIPMENT COMPANY, INC.,
Defendant/Appellant.**

**No. ED 75914.**

Missouri Court of Appeals,
Eastern District,
Division Two.

April 25, 2000.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 30, 2000.

Application for Transfer Denied Aug. 29, 2000.

John Edward Galvin III, Carl J. Geraci, Sandberg, Phoenix & Von GonCarl J. Geraci, Co-Counsel, St. Louis, for appellant.

David N. Damick, Law Office of Susman, Schermer, Rimmel & Shifrin, St. Louis, for respondent.

SHERRI B. SULLIVAN, Judge.

County Medical Equipment Company, Inc. ("Defendant") appeals from a judgment entered on a jury verdict in favor of Bruce W. Graham ("Plaintiff") and against Defendant for product defect and negligence. We affirm.

In 1988, Plaintiff became a quadriplegic as a result of a diving accident. In 1992, SSM Rehabilitation Institute ("SSM") evaluated Plaintiff to assess his ability to drive a vehicle using a driver assist system. SSM found Plaintiff capable of driving with proper training and equipment and prescribed, among other adaptive equipment, an Electronic Gas and Brake ("EGB") system. Additionally, the Vocational Rehabilitation Department ("VRD") enlisted Retech Laboratories to evaluate Plaintiff. Retech Laboratories' report also specified an EGB system as necessary for Plaintiff's driver assist system.

The VRD awarded the installation of Plaintiff's EGB system to Defendant. In 1993, Defendant installed an EGB system into a van purchased by Plaintiff, delivering the van to Plaintiff in January 1994. After several months of training, Plaintiff passed his driver's license test in July 1994. Plaintiff began to drive his two young daughters to softball games, to pick up milk at the grocery store, or to do anything "to get in the van and go somewhere."

On the night of November 5, 1994, Plaintiff was driving his family in the van. The van was first in line at a stoplight. As the stoplight turned green, Plaintiff pressed on the gas, the van hesitated a second, and after several more presses, the van took off at "full throttle." Plaintiff pulled on the brake lever several times but nothing happened. Plaintiff began driving on a grassy knoll on the side of the road. To avoid going into a drop-off on the side of the road, Plaintiff turned back up on the road, but then he realized he was approaching another red light and several waiting cars. To avoid hitting the cars, Plaintiff turned the steering wheel hard which spun the van around to face the oncoming traffic. The oncoming cars veered off the road to avoid the van. Eventually, the van's power went out, Plaintiff could no longer steer the van, and the van hit a rock embankment.

After a trial, the jury returned a verdict in favor of Plaintiff and against Defendant for product defect and negligence and awarded Plaintiff $500,000 for personal injuries and $25,000 for property damage. The trial court entered judgment against Defendant. Defendant filed a Motion for Judgment Notwithstanding Verdict, for a New Trial, or for Other Relief, which the trial court denied.

Defendant's point one on appeal argues that the trial court erred in refusing

to grant a new trial because the excessive verdict in the case was the result of trial errors that led to bias and prejudice on the part of the jury as improper evidence, argument, and instructions portrayed Defendant as an evil company and engendered sympathy for Plaintiff.[1]

A trial court has great discretion in approving a jury verdict or setting it aside as excessive, and we will not disturb its decision absent an abuse of discretion either by the trial court or by the jury. *Smith v. Wal–Mart Stores, Inc.*, 967 S.W.2d 198, 208 (Mo.App. E.D.1998). Once a jury has determined the award of damages, the trial court may find passion and prejudice from an excessive verdict, and if so, then the judgment is severely prejudiced and can only be addressed through a new trial. *Id.* The complaining party cannot direct the appellate court to the size of the verdict alone to show passion and prejudice by the jury. *Id.* Rather, the complaining party must show some other error was committed during the trial. *Id.* Specifically, the complaining party must show: (1) that the verdict, when viewed in the light most favorable to the prevailing party, was glaringly unwarranted; and (2) the trial error or misconduct by the prevailing party that was responsible for producing the passion and prejudice. *Id.*

Defendant breaks down its point one on appeal into two subheadings, with the second subheading divided into five subissues. Subheading one states: "The verdict in this case was grossly excessive given the damages evidence presented." The issue of damages is primarily for the jury to decide. *Emery v. Wal–Mart Stores, Inc.*, 976 S.W.2d 439, 448 (Mo. banc 1998). In reviewing whether a verdict is excessive, we are limited to a consideration of the evidence which supports the verdict excluding that which disaffirms it. *Smith*, 967 S.W.2d at 208. There is no exact formula for determining whether a verdict is excessive, and each case must be considered on its own facts to determine what will fairly and reasonably compensate the plaintiff. *Callahan v. Cardinal Glennon Hosp.*, 863 S.W.2d 852, 871–872 (Mo. banc 1993). However, in determining whether a verdict is excessive, a number of factors are examined: (1) loss of income, both present and future; (2) medical expenses; (3) the plaintiff's age; (4) the nature and extent of the plaintiff's injuries; (5) economic consideration; (6) awards given and approved in comparable cases; and (7) the superior opportunity for the jury and the trial court to evaluate the plaintiff's injuries and other damages. *Emery*, 976 S.W.2d at 448. Additionally, the jury and the trial court are best able to assess the credibility of the witnesses. *Id.* Furthermore, a jury is entitled to consider certain intangibles which do not lend themselves to precise calculation, such as pain and suffering, effect on life-style, embarrassment, and humiliation. *Callahan*, 863 S.W.2d at 872. There is a large range between the damage extremes of inadequacy and excessiveness, and we will allow a jury virtually unfettered discretion if the damages are within that range. *Id.*

Viewed in the light most favorable to Plaintiff, the evidence as it relates to the above factors revealed the following. Although Plaintiff, in his mid-thirties, was unemployed due to his disability, he planned to return to school to learn computer aided drafting. However, due to

---

1. The points relied on contained in Defendant's brief do not comply with the requirements of Supreme Court Rule 84.04(d). Rule 84.04 requires points relied on in an appellant's brief to (1) identify the trial court ruling or action that the appellant challenges; (2) state concisely the legal reasons for the appellant's claim of reversible error; and (3) explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error. Points on appeal that fail to comply with Rule 84.04(d) present nothing for appellate review. *Thummel v. King*, 570 S.W.2d 679, 685 (Mo. banc 1978). However, we have *ex gratia* reviewed the contentions in order to render a decision on the merits in this matter.

transportation restrictions after the accident, Plaintiff could not pursue this goal in the timeframe planned before the accident. Plaintiff's medical expenses were less than $1,500. Plaintiff's physical injuries from the accident included a red mark on his stomach from the steering wheel and a cut on his knee. During the accident, Plaintiff's wife screamed at him as he attempted to control the van and avoid a head-on collision. After the van struck a rock embankment, Plaintiff remained slumped against the steering wheel in the dark for about twenty to thirty minutes before help arrived. Plaintiff "felt about two inches tall" because he had almost "killed [his] whole family." Also, he had assured his wife that there was "nothing to worry about with her riding with [him], with anybody riding with [him]."

After the accident, Plaintiff was diagnosed with major depressive episode and post-traumatic stress disorder. He played the accident over and over again in his mind for the next several months, wondering "whether or not [he] should get back in that van, if [he] would be able to do this." At the time of trial, Plaintiff had not sat in the driver's seat of a car since the accident, as he was "scared to death to trust the equipment." Plaintiff had difficulty sleeping, eating, holding conversations with his family, and he felt "absolutely hopeless." He also allowed his arm to get weak again and began putting things off. Plaintiff had suicidal feelings in that he saw "no reason to, to continue on because there [were] no answers to be had...."

Prior to the accident, Plaintiff had never experienced depression like he had after the accident, even after he became a quadriplegic. Plaintiff continues to see a psychiatrist and to take medication, although there has been improvement in his mental condition. As a quadriplegic, the main injury that Plaintiff could suffer was to his emotional well-being. Under these facts, the verdict fairly and reasonably compensated Plaintiff for such an injury.

■■■ Subheading two under Defendant's point one on appeal states: "The excessive verdict was the result of improper evidence, argument, and instructions." Three of the five subissues under this subheading have not been properly preserved for appellate review. First, Defendant claims Plaintiff's counsel improperly asked the jury to punish Defendant in closing argument.[2] Defendant did not object to Plaintiff's counsel's comments during closing argument. Failure to properly object to an argument at the time it is made to a jury results in a waiver of any right to complain of the argument on appeal. *Nishwitz v. Blosser*, 850 S.W.2d 119, 124 (Mo.App. E.D.1993). If the objection is not timely, the trial court has no opportunity to take corrective action at the time the remarks were made. *Id.*

■■■ Defendant also claims two errors of jury instruction submissions. First, Defendant claims the trial court erred in submitting jury instruction number ten because each of the disjunctive submissions was not supported by substantial evidence. Second, Defendant claims the trial court erred in submitting jury instruction numbers twelve and sixteen because the jury would have been confused as to which "occurrence" was referred to in the instructions with the result that damages were awarded Plaintiff for pre-accident damages without a verdict on negligent representation. Defendant did not object to jury instruction numbers ten and sixteen during the instruction conference.

Rule 70.03[3] provides in part:

[Plaintiff] for the real injuries that are occurred...."; and (3) "[Crow] is still out there.... I ask you that you complete the job."

**2.** Defendant refers to the following comments made by Plaintiff's counsel during closing argument: (1) "[Crow] doesn't know up from down."; (2) "There is only one way ladies and gentlemen that this thing is going to stop, and that is if you adequately, if you adequately, not over, but adequately compensate

**3.** All rule references are to Mo. R. Civ. P.2000, unless otherwise indicated.

Counsel shall make specific objections to instructions considered erroneous. No party may assign as error the giving or failure to give instructions unless that party objects thereto before the jury retires to consider its verdict, stating distinctly the matter objected to and the grounds of the objection.

■ Also, during the instruction conference, Defendant did not object to jury instruction number twelve on the grounds now argued on appeal.[4] Where an alleged error relating to an instruction differs from the objections made to the trial court, the error may not be reviewed on appeal. *Hatch v. V.P. Fair Foundation*, 990 S.W.2d 126, 140 (Mo.App. E.D.1999). Accordingly, Defendant has not properly preserved these subissues for appellate review. The remaining subissues under this second subheading under Defendant's point one on appeal are as follows.

Defendant claims that Plaintiff improperly cross-examined Ray Crow ("Crow"), an employee of Defendant who installed the EGB system into Plaintiff's van, using a manual dated after the actual installation of the EGB system. Defendant argues that, through this cross-examination, the jury was left with the improper impression that Defendant was a bad actor who had installed the EGB system in Plaintiff's van with notice of prior problems with the plugs, resulting in bias and prejudice and the allegedly excessive jury award. A review of this portion of the transcript reveals that Plaintiff never introduced into evidence the content of the manual used during the cross-examination nor whether the manual included information about any problems with the plugs.

Defendant also claims that the trial court erred by refusing to grant Defendant's Motion for Directed Verdict on negligent misrepresentation because the alleged statements made were not actionable and there was no substantial evidence that the statements were made. This claim is without merit. Defendant cannot show prejudice because the jury returned a verdict in Defendant's favor on the issue of negligent misrepresentation.

We find Defendant failed to show that the verdict, when viewed in the light most favorable to Plaintiff, was glaringly unwarranted and that any trial error or misconduct was severe enough to produce passion and prejudice. Accordingly, the trial court did not abuse its discretion in denying a new trial. Point one denied.

■ Defendant's point two on appeal argues that the trial court erred in not ordering remittitur because the jury's verdict exceeds fair and reasonable compensation for Plaintiff's injuries and damages and is glaringly unwarranted so as to shock the conscience of the court.

■ The trial court has broad discretion in ordering remittitur, and we will disturb its decision only when the verdict is so excessive that it shocks the conscience and convinces this Court that both the trial court and the jury have abused their discretion. *Emery*, 976 S.W.2d at 448.

In light of our analysis of Defendant's point one on appeal, we cannot say that the verdict under the unusual, narrow facts of this case was so excessive as to shock the conscience or that both the trial court and the jury abused their discretion. Defendant is not appealing the merits of the cause of action, i.e., product defect and negligence. Mental attitude and mental health are significant to a quadriplegic's well-being. Having determined Defendant's liability, the major setback in Plaintiff's progress as a result of his mental injuries stemming from the accident justifies the verdict. The trial court did not abuse its discretion in not ordering remittitur. Point two denied.

---

4. In raising an objection to jury instruction number twelve at the instruction conference, Defendant merely provided clarification of the parties' stipulation relating to certain property damage.

Accordingly, the judgment of the trial court is affirmed.

CRANE, P.J. and ROBERT G. DOWD, Jr., J., concur.