Cynthia Y. and Leon BROWN, Appellants,

v.

Roger S. WALLACE and Waste Management of Missouri, Inc., Respondents.

No. WD 58584.

Missouri Court of Appeals, Western District.

Submitted Feb. 14, 2001.

Decided June 19, 2001.

**22**

Joseph A. Hamilton, Pleasant Hill, for appellant.

Barry W. McCormick, Overland, KS, for respondent.

Before LAURA D. STITH, P.J.,[1]
JAMES M. SMART, JR. and VICTOR C. HOWARD, JJ.

SMART, Judge.

Cynthia Brown and her husband, Leon Brown, appeal the judgment entered on their vehicular negligence claim against Waste Management of Missouri, Inc. They contend that the trial court erred in submitting to the jury the hypothesis that plaintiff Cynthia Brown was guilty of comparative negligence in that there was insufficient evidence to support the submission of failure to keep a careful lookout. In a second point, they contend that the trial court erred in using the term "proper lookout" instead of the term "careful lookout" in the instruction given.

## Background Facts

The claims of the Browns arose out of a vehicular collision which occurred when a car operated by Cynthia Brown collided with a trash truck owned by defendant. Cynthia Brown ("Brown") testified at trial that just before the collision she was driving easterly on 20th Street in Independence behind the trash truck. Brown estimated her speed at seven miles per hour. The truck was proceeding slowly and had its flashers on. When the truck got to the intersection, it slowed down, and, according to Brown, pulled slightly to the right. Brown attempted to pass on the left. As she was attempting to pass, the truck started to turn left. The truck struck the side of Brown's vehicle. The truck driver, Roger Wallace, was operating the truck from the right hand side. Wallace testified he did not see Brown's car behind his truck. He did not signal a left turn because he believed that the turn signal would not work when the flashers were operating. Wallace testified this occurred on the first day he operated the truck in question. He testified he checked the mirrors and the video camera display before starting the turn and did not see any cars. He said he saw the car only an instant before impact. Brown testified she looked around the truck, and the intersection looked clear, so she pulled out to pass. The next thing she knew, she said, was that her daughter shouted "Mom," and then she looked, and saw "this big silver thing and he had me."

After trial, the jury assessed the Browns' damages at $150,000.00. The jury assigned 80 percent of the fault to Brown and 20 percent to Waste Management. This resulted in a judgment to the Browns of $30,000.00. The Browns appeal.

1. Judge Stith participated in the case at the time of submission as a member of the court and was specially assigned to remain on this case by order of the Supreme Court after her appointment to the Supreme Court.

## "Careful Lookout"

■ In their first point, the Browns contend that the trial court erred in submitting, as a part of the comparative fault instruction, the contention that Brown failed to keep a careful lookout. The Browns contend that there was insufficient evidence to warrant such a submission. An hypothesis of failure to keep a careful lookout should not be submitted unless there is substantial evidence from which a jury could find the driver, "in the exercise of the highest degree of care to keep a careful lookout, could have seen the other vehicle or person in time thereafter to have taken 'effective precautionary action.' " *Pringle v. State Highway Comm'n of Mo.*, 831 S.W.2d 735, 737 (Mo.App.1992). A lookout instruction submits failure to see and failure to avoid injury by any means supported by the evidence. *Id.* Having the means to avoid the collision includes the concept of "sufficient time and distance, considering the movements and speed of the vehicles" to enable the driver "to take effective action in avoidance." *Id.*

■ In this case, the evidence indicates that the trash vehicle was moving slowly, at five to seven miles per hour. As Brown pulled out and came around the truck, she heard her daughter yell "Mom." She looked and saw the truck strike the side of her vehicle. The evidence supports the proposition that she had the ability, if she had been observing the truck as it started into its turn, to sound her horn and swing much farther out, because there was no other traffic in the intersection.

The Browns point out that Wallace, the truck driver, acknowledged that he did not see Brown until "a split second" before impact. This, they argue, shows that Brown did not have time to take evasive action. However, it may just as easily be interpreted by the factfinder as evidence that Wallace also failed to keep a careful lookout. The Browns argue that the negligence to be charged to Brown was that she failed to sound her horn before starting to pass, and that she was attempting to pass in an intersection. They complain there was no substance to the failure to keep a lookout instruction, and that it was error to submit it. We disagree.

We think the evidence that the truck was being operated slowly with its flashers on and the evidence that she did not know what the truck was going to do or whether the truck was aware of her presence, was evidence of the need for heightened caution, including the need to keep a lookout for unanticipated movements of the truck. The evidence of the slow speed of the truck allowed the inference that by swerving and sounding her horn, she had the means to effectively avoid the collision. It is true that trying to pass the truck at an intersection made it more difficult to keep the truck under observation. Thus, these two submissions of negligence (failure to keep a lookout and passing in an intersection) were related. However, the need to keep an eye on the truck would have been applied whether she passed at an intersection or in the middle of the block (because, for instance, of the possibility that the truck would suddenly pull to the left side of the street). We conclude that the trial court did not err in allowing the submission of failure to keep a careful lookout.

## "Proper" Lookout

■ In their second point, the Browns contend the court erred in the wording of the instruction when the court submitted an instruction which hypothesized that Brown failed to keep a "proper lookout" rather than a "careful lookout." They point out the use of the term "proper" was a deviation from MAI, and contend the error was presumptively prejudicial, citing

*Means v. Sears, Roebuck, and Co.,* 550 S.W.2d 780, 786 (Mo. banc 1977).

Respondent Waste Management argues the alleged error was not preserved for appeal, and that there was no prejudice in any event because the terms "proper" and "careful" are used interchangeably in the case law.

Rule 70.03 states:

Counsel shall make specific objections to instructions considered erroneous. No party may assign as error the giving or failure to give instructions unless that party objects thereto before the jury retires to consider its verdict, stating distinctly the matter objected to and the grounds of the objection. Counsel need not repeat objections already made on the record prior to delivery of the instructions. The objections must also be raised in the motion for new trial in accordance with Rule 78.07.

■■ The Browns made several objections to the contributory negligence instruction during the instruction conference, but the Browns failed to object to the use of the word "proper." Accordingly, the alleged error is not reviewable on appeal. *Graham v. County Med. Equip. Co., Inc.,* 24 S.W.3d 145, 150 (Mo.App.2000). Where the alleged instructional error is unpreserved, the only recourse of the appellant is plain error affecting substantial rights resulting in manifest injustice or miscarriage of justice. *Mosher v. Levering Invs., Inc.,* 806 S.W.2d 675, 677 (Mo. banc 1991).

Even if it is true, as Brown argues, that as a general rule the term "proper" lookout might encompass something broader than "careful" lookout, we see no facial indication the jury was misled in this case by the use of the word "proper" in the instruction. Accordingly, we decline review of the claim of instructional error.

The judgment is affirmed.

LAURA DENVIR STITH, Sp. J., and HOWARD, J., concur.