**DYNACON BUILDERS,**
Appellant/Respondent,

v.

Robert J. JANOWITZ,
Respondent/Appellant.

Nos. WD 49077, WD 49111.

Missouri Court of Appeals,
Western District.

Feb. 14, 1995.

808

Kevin E. Glynn, Kansas City, for appellant/respondent.

Lloyd S. Hellman, Kansas City, for respondent/appellant.

Before SPINDEN, P.J., and LOWENSTEIN and ELLIS, JJ.

SPINDEN, Presiding Judge.

Robert J. Janowitz and DynaCon Builders accuse each other of breaching a contract in which DynaCon Builders agreed to construct an addition to Janowitz' house in Kansas City. Janowitz became dissatisfied with DynaCon Builders' work and quit paying. DynaCon Builders sued for breach of contract. Janowitz countersued, contending that DynaCon Builders breached the contract by doing shoddy work.

The trial court tried the case without a jury. It issued findings of fact and conclusions of law and entered judgment for DynaCon Builders for $30,607 and ordered Janowitz to pay prejudgment interest on $26,426.64 of the judgment award. The trial court took into account Janowitz' expenditures, past and future, in repairing DynaCon Builders' faulty work but discounted it.

In its appeal, DynaCon Builders claims that the trial court erred in allowing Janowitz any repair costs because Janowitz had not given it an opportunity to correct the problems. We disagree and affirm this portion of the trial court's judgment.

Janowitz cross-appeals. He claims that the trial court erred in ordering him to pay prejudgment interest on any portion of the award. He also filed a motion asking this court to sanction DynaCon Builders for filing a frivolous appeal. We agree that the trial court erred and reverse the order. We deny the motion for sanctions.

The dispute arose over DynaCon Builders' construction of a two-story addition to Janowitz' house. DynaCon Builders estimated that the project would cost $117,240. Janowitz contracted with DynaCon Builders on July 24, 1987, to erect the addition for cost plus 10 percent. It guaranteed that the project's total cost would not exceed $125,000, and it provided that if the total cost were less than $125,000, the difference would "be applied toward painting and decorating of the existing home." It provided that the $125,000 guaranteed maximum would be increased by any changes ordered by Janowitz. It excluded "[c]osts due to the negligence of [DynaCon Builders] ..., including but not limited to the correction of defective or nonconforming Work[.]"

DynaCon Builders finished most of the project in December 1987. On November 17, 1987, Janowitz sent DynaCon Builders a letter in which he outlined his understanding of the amount he owed for the project:

The current account, according to my records, is as follows:

| | |
|---|---|
| Remodel addition price to be no more than: | $125,000.00 |
| Architect fees and tree trimming fees already paid: | $7,500.00 |
| Direct payment of carpet: | $1,399.64 |
| | $8,899.64 |

Current status of account: Total cost of addition will be no more than: $116,100.36[.]

On January 6, 1988, Janowitz' wife, Linda, sent to DynaCon Builders an invoice indicating that the "maximum balance" for the project was $116,100.36 and from that she subtracted $6689.81 in payments she and Janowitz had made directly. The new "maximum balance," she said, was $109,410.55.

On January 28, 1988, Janowitz paid DynaCon Builders $41,073.36. This, when added to his previous $7500 payment on September 20, 1987, brought the total paid to DynaCon Builders to $48,573.26.

On April 11, 1988, DynaCon Builders sent Janowitz an itemized statement of the project's cost in a spreadsheet format. A column labeled "Expenses or Invoice Amount" totalled $202,714.62. The items in this column also appeared in one of three columns: a column labeled "Base Contract" totalling $126,743.90; a column labeled "Additional Costs" totalling $29,245.65;[1] and an unlabeled column totalling $40,482.79. For reasons not apparent to us, the three columns totalled $196,472.34 rather than $202,714.62.

On April 24, 1988, he paid $50,000 to DynaCon Builders. This brought the total paid to $98,573.36. He complained of defective work and made no further payments. DynaCon Builders attempted repairs beginning on August 1, 1988. Its work continued through October 1988. On October 31, 1988, it billed Janowitz for an additional $10,064.60 "[f]or costs incurred from 8–1–88 to 10–31–88[.]" This was $3350.09 for labor and $6714.51 for interest on unpaid amounts DynaCon Builders claimed were due. The invoice explained that "[i]nterest is calculated on the outstanding balance after it is unpaid for thirty days. Interest is computed at a rate of 1–1/2% per month, (18 percent per year)."

Attached to the invoice was a statement of the account. It acknowledged payments totalling $98,573.36 and indicated that the unpaid amounts owing were $117,936.39 in principal and $6714.51 in interest.

Janowitz became dissatisfied with DynaCon Builders' repairs. After October 31, 1988, he did not ask DynaCon Builders to fix defects. Janowitz paid others $4311.21 for repairing the defects. Another firm estimated that $18,648.30 in more work was needed to correct the remaining problems.

DynaCon Builders sued Janowitz on August 25, 1992, for $117,936.39 in principal. It also asked for prejudgment interest on that amount.

The case was tried to the court in a unique manner. The trial court toured the Janowitz residence to view the alleged defects. The parties then presented their factual testimony in writing. The parties presented booklets containing documents and statements in which they set forth their claim. The opposing party made written responses to each claim. The trial court received these booklets into evidence in lieu of "live" testimony concerning each party's claims. The trial court engaged in a detailed, off-the-record discussion of each claim. From this, the trial court entered its judgment on January 14, 1994.

## Sanctions for Frivolous Appeal

DynaCon Builders appealed on July 29, 1994. Janowitz responded by asking this court to sanction DynaCon Builders for filing a frivolous appeal. We now rule on the motion.

 Rule 84.19 authorizes sanctions for a frivolous appeal. The purpose of sanctions is two-fold: (1) to prevent congestion of our dockets with cases lacking any merit and cause delay of cases with merit and (2) to compensate respondents for enduring a meritless expense. *Vanschoiack v. Adkins*, 854 S.W.2d 432, 435 (Mo.App.1993). An appeal is frivolous if it does not present a justiciable question and is so lacking of merit that it is obviously frivolous. *Means v. Sears, Roebuck & Company*, 550 S.W.2d 780, 789 (Mo. 1977). It is a drastic remedy. We consider sanctions with extreme caution to avoid chilling an appeal of even slight, colorable merit. *Hawthorne v. Hills*, 861 S.W.2d 337, 842 (Mo.App.1993).

 We do not order sanctions in this case. Although DynaCon Builders' position on appeal is tenuous, it is not void of merit. We do not find evidence of bad faith.

## DynaCon Builders' Appeal

DynaCon Builders argues that the trial court erred in awarding damages to Janowitz for breach of contract because Janowitz did not give it an adequate opportunity to cure the alleged defects. DynaCon Builders relies primarily on *Ballwin Plaza Corporation*

---

1. A footnote said, "DynaCon additional costs result from 1) design or specification changes made to the architectural drawings used for the original quotation, 2) underestimation of costs, 3) certain unknown existing conditions and 4) subcontractor backcharges."

*v. H.B. Deal Construction Company,* 462 S.W.2d 687 (Mo. banc 1971).

■ The Supreme Court said in the *Ballwin Plaza* case, "Plaintiff should not have filed suit against defendant for damages from any such defects during such period of time without first giving defendant the opportunity to correct defects *under the terms of the contract* between the parties." *Id.* at 690 (emphasis added). DynaCon Builders apparently overlooked the emphasized phrase. Because the contract at issue in that case had a provision which guaranteed that any defect in materials or work would be cured within a set period, the plaintiff breached the contract by failing to give the defendant an opportunity to correct the defect before the plaintiff sued. The court was not making a blanket, all-encompassing statement that no plaintiff can sue for breach of a construction contract until it has given the defendant an opportunity to cure the defect. It limited the principle to a type of contract provision which was not included in the contract between DynaCon Builders and Janowitz. *Ballwin Plaza* is not instructive to this case.

Indeed, a correct statement of the law in Missouri was set out in a case cited by DynaCon Builders, *Arst v. Max Barken, Inc.,* 655 S.W.2d 845, 848 (Mo.App.1983): "[W]hile it is desirable to require purchasers to give notice of the breach and an opportunity to repair to the builder, such notice and opportunity to repair are not prerequisites to a homeowner's right to bring suit."

### Janowitz' Cross–Appeal

Janowitz complains that the trial court erroneously ordered him to pay prejudgment interest on the difference between the $98,-573.36 he paid and $125,000, the contract's guaranteed maximum. We agree.

Section 408.020, RSMo 1986, says, "Creditors shall be allowed to receive interest at the rate of nine percent per annum, when no other rate is agreed upon, for all moneys after they become due and payable, on writ-

ten contracts[.]" The issue becomes then whether the $125,000 maximum was "due and payable." It was not.

■ In their contract with Janowitz, DynaCon Builders promised "to perform the Work in the best way[.]" It made Janowitz liable for "net costs . . . incurred in the *proper performance* of the Work[.]"[2] The contract also provided that Janowitz was not responsible for "[c]osts due to the negligence of the Contractor, . . . including but not limited to the correction of defective or nonconforming Work[.]"

Janowitz paid DynaCon Builders until he became convinced that the work was defective. The trial court agreed that the work was defective and required repairs. Janowitz was obligated to pay only for work done in a workmanlike manner. He had no duty to pay until DynaCon Builders fulfilled its duty to perform. *Hernandez v. Westoak Realty and Investment, Inc.,* 771 S.W.2d 876, 879 (Mo.App.1989). Because Janowitz expended money in trying to repair DynaCon Builders' defective work, he could not be certain of the exact amount for which he was responsible. He was not responsible for paying for repair of DynaCon Builders' negligence and had the right to offset the cost of repair from the amount he owed.

### Conclusion

Because Janowitz did not have an obligation to offer DynaCon Builders an opportunity to repair the defective construction prior to the bringing of this lawsuit, we affirm the trial court's judgment awarding costs of prior and future repairs to Janowitz. Because DynaCon Builders' claim was not liquidated, we reverse the trial court's judgment awarding DynaCon Builders prejudgment interest.

All concur.

---

2. We added the emphasis.