**John B. PAPINEAU, Respondent,**

v.

**Stephen Morin BAIER, Hilda Baier, Appellants.**

**Steve Michael Baier, Defendant.**

**No. WD 48846.**

Missouri Court of Appeals, Western District.

April 25, 1995.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 30, 1995.

Application to Transfer Denied July 25, 1995.

Steven B. Small, Kansas City, for appellants.

Robert R. Laing, Overland Park, KS, for respondent.

Before ULRICH, P.J., and KENNEDY and BERREY, JJ.

ULRICH, Judge.

In this action to enforce a mechanic's lien, Stephen Morin Baier and Hilda Baier (the Baiers) appeal a $1,705 judgment entered on a jury verdict against them and for John B. Papineau. John Papineau moves for frivolous appeal damages. The judgment is affirmed.

Steve Michael (Mike) Baier, who works as a building contractor, engaged John Papineau for construction work. Pursuant to their verbal arrangement, John Papineau agreed to do grading, steel framing, and rough-in carpentry on a house being built for Mike Baier's parents, Stephen and Hilda Baier, on land the parents owned.

After completion of the work, Mike Baier paid only $6,881.00 against the total bill of $14,350.82. John Papineau filed a mechanic's lien statement against the Baiers' property for the unpaid balance of $7,469.82. To enforce that lien, John Papineau filed a lawsuit naming as defendants the Baiers, Mike Baier, and the lenders. In an amended petition, John Papineau also sued Mike Baier for breach of contract.

After a jury trial, Mike Baier prevailed on the breach of contract claim; John Papineau prevailed on the mechanic's lien claim with a jury verdict for $1,705.

The Baiers present seventeen points on appeal. Countering, John Papineau asserts that none of those points are properly preserved for appellate review.

The record supports John Papineau's assertion. The only matter apparently amenable to appellate review is the denial of the Baiers' motion for directed verdict. In that oral motion, the Baiers' counsel asserted that John Papineau failed to prove the "just and true account" element of his mechanic's lien action. In support counsel pointed to John Papineau's cross-examination testimony in

which he admitted to inadvertently miscalculating five hours of time charged for labor. The only post-trial motion filed was the Baiers' motion for judgment notwithstanding the verdict, which claimed that no evidence supported the amount of the jury's award and challenged the validity of the lien statement and pre-trial lien proceedings.

■ A defendant's motion for directed verdict made at the close of evidence challenges the submissibility of the plaintiff's case; a post-trial motion for judgment notwithstanding the verdict preserves the submissibility issue for appellate review. *See Buttram v. Auto–Owners Mut. Ins. Co.,* 779 S.W.2d 1, 2 (Mo.App.1989). Yet, here, the motion for judgment notwithstanding the verdict and the points on appeal do not explicitly address the issue of submissibility on the theory presented in the motion for directed verdict. The Baiers' appeal presents claims unrelated to the submissibility of the mechanic's lien case and matters not raised in any post-trial motion. In a letter filed after oral argument at this court's request, counsel for the Baiers fails to demonstrate proper preservation. Claims of error not properly presented in the trial court will not be considered on appeal. *Wagner v. Piehler,* 879 S.W.2d 789, 793 (Mo.App.1994).

■ Further, the brief filed on the Baiers' behalf violates court rules. One point is defective for failing to identify the ruling appealed from. Rule 84.04(d). Five other points lack any corresponding argument. Rule 84.04(e). The argument in support of another point consists of two sentences that fail to address the matters raised and fail to discuss any legal authority. Rule 84.04(e). Claims of error presented in defective points relied on or without supporting argument preserve nothing for appellate review, and are deemed abandoned. *Wilson v. Danuser Mach. Co., Inc.,* 874 S.W.2d 507, 514 (Mo. App.1994); *Saunders–Thalden v. Thomas Berkeley Consult. Eng'r, Inc.,* 825 S.W.2d 385, 387 (Mo.App.1992).

The points in the Baiers' brief present nothing amenable to appellate review. Nevertheless, in the interest of justice, this court has examined the Baiers' contentions that the mechanic's lien action was abandoned, that it was time-barred, and that it failed to join a necessary party. That examination reveals no basis for reversal of the trial court's judgment.

■ Respondent Papineau moves for frivolous appeal damages. Rule 84.19, which authorizes sanctions for frivolous appeal, states:

> If an appellate court shall determine that an appeal is frivolous it may award damages to the respondent as the court shall deem just and proper.

An appeal is frivolous if it presents "no justiciable question and is so readily recognizable as devoid of merit on the face of the record that there is little prospect that it can ever succeed." *Vallejo–Davila v. Osco Drug, Inc.,* 895 S.W.2d 49, 54 (Mo.App.1995), citing *In re Estate of Voegele,* 805 S.W.2d 177, 179 (Mo. App.1990); *Fields v. R.S.C.D.B., Inc.,* 865 S.W.2d 877, 879 (Mo.App.1993).

■ The purpose of sanctions is (1) to prevent *congestion of appellate court dockets* with cases devoid of merit which, by their presence, contribute to delaying resolution of cases with merit and (2) to compensate respondents for incurring expenses defending judgments against meritless issues. *Dynacon Builders v. Janowitz,* 892 S.W.2d 807, 808 (Mo.App.1995). Sanctions are imposed with extreme caution to avoid chilling an appeal of even slight, colorable merit. *Id.*

■ As discussed, the Baiers' brief presents nothing amenable to appellate review. Neither the Baiers' motion for judgment notwithstanding the verdict nor the points asserted on appeal explicitly address the issue of whether Mr. Papineau proved the "just and true account" element of his mechanic's lien action, the only matter amenable to appellate review. Thus, the points raised by the Baiers on appeal are devoid of merit on the face of the record and are devoid of any prospect of success. The appellants' brief so breaches the requirements of Rule 84.04 in its failure to raise and address properly preserved issues that it presents nothing for appellate review.

The appeal is frivolous. It has contributed to delaying resolution of other cases of merit

pending before this court, has compelled the respondent to defend and to incur additional unnecessary expense and attorney fees, and has caused the respondent unnecessary delay in resolving the matter.

Sanctions for frivolous appeal can be imposed against either the appellants or their counsel. *Vallejo–Davila*, 895 S.W.2d at 54. Because the attorney, not the client, normally decides the legal arguments to assert, preserves issues for appellate review and writes the brief, sanctions for the infractions noted are most appropriately assessed against the attorney. *See*, e.g., Rule 55.03(c)(2)(A) (which requires assessment of sanctions against the attorney, not the client, when unwarranted claims and other legal contentions are filed).

The appellants' attorney is ordered to pay $1,000 directly to the respondent's attorney to the benefit of respondent. The total sum shall be paid within fourteen days of the mandate of this court. Receipt for the sum shall be filed in this court by the respondent's attorney within five days following receipt of the sum.

The judgment is affirmed.

All concur.