Harrison F. MESSICK, Appellant,

v.

The ATCHISON, TOPEKA & SANTA FE
RAILWAY COMPANY, Respondent.

No. WD 50960.

Missouri Court of Appeals,
Western District.

Submitted May 7, 1996.

Decided July 2, 1996.

Martha M. Sanderson, St. Louis, for appellant.

Douglas R. Dalgleish, Kansas City, for respondent.

Before LAURA DENVIR STITH, P.J.,
and ULRICH and SMART, JJ.

PER CURIAM.

Harrison F. Messick brought suit against his employer, The Atchison, Topeka and Santa Fe Railway Company ("Santa Fe"), pursuant to the Federal Employers' Liability Act ("FELA"), 45 U.S.C. § 51 et seq., seeking damages for personal injury. The jury returned a verdict in favor of Santa Fe. Messick appeals, claiming that the trial court committed plain error by: (1) failing to allow him to testify that a Santa Fe train crew member informed his conductor by radio that a switch was faulty because such testimony was admissible as an admission of a party opponent; and (2) refusing to allow a diary page from the diary of another railroad employee into evidence because the record was not inadmissible hearsay but an admission by a party opponent as well as a business record. The judgment of the trial court is affirmed.

Messick worked for Santa Fe as a switchman. On August 18, 1991, Messick attempted to throw a switch. The switch was a spring switch which normally required only one man to throw it. Santa Fe's Operating and Safety Rules require that the handle of the switch be pulled. Because he was encountering difficulty in throwing the switch, Messick pushed the switch using his stomach even though it was contrary to safety rules. Messick had used his stomach before to operate switches. Messick still could not move the switch and told the conductor that he was encountering difficulty. The conductor told Messick to leave the switch alone and Messick walked to the front of the train and the next intermediate switch. As he unlocked the switch to pull it, Messick collapsed. Messick was subsequently found to have an undiagnosed, pre-existing abdominal aneu-

rysm. When Messick used his stomach to push the switch, the aneurysm was disturbed and blood clots spilled from it, traveling to Messick's lower extremities. Surgery was performed and the aneurysm was repaired. Messick returned to work in May 1992 and was still working at the time of trial.

In 1993, Messick filed suit against Santa Fe pursuant to FELA. He alleged that Santa Fe failed to provide a reasonably safe place to work, reasonably safe equipment with which to work, and reasonably safe tools, appliances or equipment with which to work. In order to establish that Santa Fe had notice of the alleged defect in the spring switch, a necessary element of Messick's FELA action, Messick attempted to introduce evidence of a radio conversation he claimed that he heard between Conductor Brown and the crew of another train. Messick wanted to testify that he heard someone tell Conductor Brown, "Okay, Joe, a couple of days ago we had the same problem. It took all three personnel to throw the switch." The trial court refused to admit this evidence, ruling that it was inadmissible hearsay. Messick also sought to introduce a handwritten personal diary page of E.D. Kirk, Jr., a trainmaster for Santa Fe. Messick claims that "Kirk's notes reflected that the switch would move to the sidetrack but not back to the mainline." The trial court found that the diary page was not admissible.

The jury returned a verdict in favor of Santa Fe. Messick did not file post-trial motions for new trial or for judgment notwithstanding the verdict. Messick appeals.

### PLAIN ERROR

Santa Fe correctly points out that Messick's failure to file a motion for new trial preserves nothing for review. Rule 78.07 provides, that with certain exceptions, none of which are germane here, "[i]n jury tried cases, other than cases tried with an advisory jury, allegations of error to be preserved for appellate review must be included in a motion for a new trial...." The failure to file a motion for new trial in a timely manner preserves nothing for appellate review. *Hawthorne v. Hills,* 861 S.W.2d 337, 339 (Mo.App.1993).

Messick asks that this court review for plain error. Rule 84.13(c) states:

(c) **Plain Error May Be Considered.** Plain errors affecting substantial rights may be considered on appeal, in the discretion of the court, though not raised or preserved, when the court finds that manifest injustice or miscarriage of justice has resulted therefrom.

Plain error review is granted sparingly, *Moore v. Missouri–Nebraska Express, Inc.,* 892 S.W.2d 696, 710 (Mo.App.1994), and rarely applied in civil cases. *Robertson v. Cameron Mut. Ins. Co.,* 855 S.W.2d 442, 447 (Mo.App.1993). Review is reserved for cases where it appears there has been a manifest injustice or miscarriage of justice. Messick does not make the requisite showing to trigger plain error review. Consequently, we have nothing to review.

Appeal dismissed.