**Yvette GILLEYLEN, Plaintiff/Appellant,**

v.

**SURETY FOODS, INC., Defendant/Respondent.**

No. 71548.

Missouri Court of Appeals, Eastern District, Division One.

Jan. 27, 1998.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 24, 1998.

Cervantes & Associates, Leonard P. Cervantes, Phillip A. Cervantes, St. Louis, for appellant.

Wuestling & James, William F. James, St. Louis, for respondent.

Before GRIMM, P.J., and PUDLOWSKI and GARY M. GAERTNER, JJ.

PER CURIAM.

Yvette Gilleylen (Gilleylen) appeals the judgment for defendant Surety Foods, Inc. (Surety) in a suit arising from a rear-end automobile collision. Gilleylen alleges the trial court committed plain error because it (1) submitted Surety's converse instruction to the jury and allowed Surety in oral argument to argue facts justifying its driver's actions; (2) failed to direct a verdict for plaintiff based on the "rear-end collision doctrine," and (3) did not disqualify a juror who became the forewoman. We affirm. Since all points on appeal are without merit and are frivolous we grant Surety's motion for sanctions prescribed by Supreme Court Rule 84.19.

In the interest of the bar in understanding the application of the seldom used but visible Supreme Court rule we outline the facts of this misconceived appeal.

On December 29, 1992, Gilleylen was driving northbound. Surety's truck, driven by John Bryant (Bryant), was two or three car lengths behind. Both were traveling about twenty-five miles per hour. There was a light rain and the streets were wet. Gilleylen, wanting to make a left turn, stopped her car in the northbound lane to wait for southbound traffic to pass. Bryant testified that his truck hydroplaned, so he did not stop in time to avoid colliding with the rear of Gilleylen's car. Gilleylen brought a negligence suit against Surety, and the jury returned a verdict for Surety.

Though she offered only a general objection at trial,[1] she never specifically objected (*see,* Rule 70.03). Gilleylen now alleges the trial court committed plain error by submitting defendant's converse instruction Number 8. A defendant is entitled to a converse of plaintiff's verdict directing instruction. *Thompson Missouri Auto Sales, Inc. v. Southwestern Bell Telephone,* 624 S.W.2d 56, 58 (Mo.App. E.D.1981); MAI 33.01. The converse instruction in this case was a true converse instruction because it applied the required language "Your verdict must be for the defendant unless you believe...." *Hiers v. Lemley,* 834 S.W.2d 729, 734 (Mo. banc 1992). The true converse instruction at issue was proper as it conformed exactly with the format of MAI 33.03(4) and it directly conversed the language of Gilleylen's verdict director. *Id.*

Nevertheless, Gilleylen argues that, to benefit from a true converse instruction, Surety should have been required to present evidence or instruct the jury in conformance with oral arguments Surety made at trial. However, such contention is unnecessary for a true converse instruction because, "absent a judicial admission, ... the credibility of the witnesses giving oral testimony establishing the affirmative remains for the jury." *Kimbrough v. Chervitz,* 353 Mo. 1154, 186 S.W.2d 461, 464 (1945); *Price v. Bangert Bros.,* 490 S.W.2d 53, 58 (Mo.1973).

Additionally, during arguments before the jury, Surety's attorney suggested Bryant was a careful, non-negligent driver and that the accident occurred because Bryant's truck hydroplaned. In a case tried under the rear-end collision doctrine, the defendant is obligated to either present evidence of defense or excuse or to instruct the jury on any defense or excuse that may arise from the plaintiff's claim. *Gass v. Bobbitt,* 395 S.W.2d 288, 290 (Mo.App.K.C.1965). Surety presented such evidence because Bryant testified that he hydroplaned. Point denied.

In her second point, Gilleylen alleges the trial court primarily erred because it

---

1. Attorney on appeal is not the trial attorney.

did not direct a verdict in her favor. A review of the record reveals that no motion for a directed verdict was made yet Gilleylen incorrectly believes that the "rear-end collision" doctrine requires a directed verdict. The doctrine only establishes a prima facie case; it does not compel a directed verdict. *Nishwitz v. Blosser*, 850 S.W.2d 119, 122 (Mo.App. E.D.1993). Since Surety produced evidence to rebut Gilleylen's prima facie case, the court did not err. *McConnell v. Stallings*, 955 S.W.2d 590 (Mo.App.S.D.1997),; *Nishwitz*, 850 S.W.2d at 122. Point denied.

In her final point on appeal, Gilleylen claims the trial court committed plain error because it did not dismiss a member of the panel. The venierperson thought she might be distracted from the trial because she was concerned about missing school. Gilleylen did not challenge the venierperson nor make a motion to strike her for cause and apparently believed the trial court would have dismissed her on its own motion. Such an argument is inconceivable. Even on a challenge for cause, the trial court has broad discretion to determine juror qualifications, and the trial court will not be overturned unless there is a clear abuse of discretion. *Ray v. Gream*, 860 S.W.2d 325, 331 (Mo. banc 1993). Gilleylen did not allege that the juror was not impartial. Certainly where the complaining party did not object during voir dire, the trial court did not simply abuse its discretion. Point denied.

Surety seeks damages for frivolous appeal pursuant to Rule 84.19. "An appeal is frivolous if it presents no justiciable question and is so readily recognizable as devoid of merit on the face of the record that there is little prospect that it can ever succeed." *Fravel v. Guaranty Land Title*, 934 S.W.2d 23, 25 (Mo.App. W.D.1996). An appellate court may impose sanctions to (1) prevent congestion of appellate court dockets with meritless cases, which contribute to delaying resolution of cases with merit and (2) compensate respondents for incurring expenses defending judgments against meritless issues. *Papineau v. Baier*, 901 S.W.2d 190, 192 (Mo.App. W.D.1995). Sanctions are imposed with extreme caution to avoid chilling an appeal of even slight, colorable merit. *Id.*

Sanctions are appropriate in this appeal. At oral argument, Gilleylen admitted none of its points on appeal had been properly preserved, and asked the Court for plain error review. All of her alleged points of error concern well-settled matters of law. No point contains persuasive support in existing law or a good faith argument for the extension, modification or reversal of existing law or the establishment of new law. *Vallejo–Davila v. Osco Drug, Inc.*, 895 S.W.2d 49, 54 (Mo.App. W.D.1995). The points raised by Gilleylen on appeal are devoid of merit and none of them had any prospect of success.

We have repeatedly enunciated that the doctrine of plain error may not be used to cure mere failure to make proper and timely objections at trial. *Burlington Northern R. Co.*, 845 S.W.2d 607, 613 (Mo.App. 1992). Plain error review is granted sparingly and rarely applied in civil cases. *Messick v. Atchison, Topeka & Santa Fe Ry. Co.*, 924 S.W.2d 620, 621 (Mo.App.1996).

This Court may impose sanctions against a party or counsel. *Id.* Sanctions are most often imposed on the attorney because the attorney, rather than the client, normally decides what legal arguments to present on appeal. *Papineau*, 901 S.W.2d at 193. Appellant's attorney is ordered to pay $2,694.50 directly to Surety's attorney to the benefit of Surety. The total sum shall be paid within fourteen days of the mandate of this Court. Receipt for the sum shall be filed in this court by Surety's attorney within five days following receipt of the sum.

Judgment affirmed.