Richard R. ENOS and Loraine
A. Enos, Appellants,

v.

RYDER AUTOMOTIVE OPER-
ATIONS, INC., f/k/a Dela-
van, Respondent.

No. ED 79167.

Missouri Court of Appeals,
Eastern District,
Division Two.

March 19, 2002.

Rehearing Denied April 25, 2002.

Brian M. Wendler, Collinsville, IL, Roger K. Ezra, Clayton, MO, for appellant.

Daniel T. Rabbitt, J., St. Louis, MO, for respondent.

**GEORGE W. DRAPER III, Judge.**

Richard and Loraine Enos (hereinafter, "Appellant"[1]) filed suit against Ryder Automotive Operation, Inc. d/b/a Delavan (hereinafter, "Respondent") alleging Appellant was injured while maneuvering a jump skid on a car hauling trailer. Following a jury trial, judgment was entered in favor of Respondent. This appeal follows; we affirm the judgment of the trial court.

Appellant was employed by Complete Auto Transit, Inc. as a car hauling driver. On June 10, 1993, Appellant claims he sustained a lower back injury while attempting to maneuver a jump skid on his car hauling trailer. Jump skids are portable metal ramps stored in the trailer and used to allow automobiles to be driven on and off of the trailer. At the time of his injury, Appellant was driving a trailer manufactured in 1989 by Respondent.

Appellant filed this product liability and negligence action against Respondent alleging he was injured while using the jump skids. A jury heard evidence presented by both Appellant and Respondent, and returned a verdict in favor of Respondent. Appellant appeals.

■ Prior to addressing the eight points raised on appeal, we vociferously remind attorneys to review both the Supreme Court Rules and our Local Rules of appellate practice before submitting documents to this Court. Points on appeal must follow the dictates of Rule 84.04(d) as explained by *Thummel v. King*, 570 S.W.2d 679 (Mo. banc 1978). Failure to comply with these mandates can result in dismissal of an appeal. *See M.C. v. Yeargin*, 11 S.W.3d 604 (Mo.App. E.D.1999).[2]

Appellant's first point, we believe, claims the trial court erred in admitting some of the expert testimony of Peter Terzian (hereinafter, "Terzian") because all of Terzian's opinions were not disclosed prior to trial. We disagree.

■ Appellant states that the standard of review for this issue is *de novo* as the construction of a statute is involved; yet, Appellant never cites what statute is being construed or the effect it has on his argument. Absent an abuse of discretion, the trial court may determine whether the qualifications of a witness to state an opinion are established. *Kell v. Kell*, 53

---

1. Loraine Enos's cause of action for loss of consortium in the instant case is derived from Richard Enos's personal injury claim. Since her claim is not a subject in this appeal, we will refer to Richard Enos's claims in the singular.

2. Respondent filed a motion which was taken with the case to strike Appellant's brief and to dismiss this appeal. This Court allowed Appellant to file an amended brief in order to correct the initial brief's deficiencies. While Appellant's amended brief fails to rectify these inadequacies, we deny Respondent's motion so as not to penalize the parties.

S.W.3d 203, 209 (Mo.App. E.D.2001). "Likewise the admission or exclusion of expert testimony is a matter within the discretion of the trial court and that discretion will not be interfered with unless it plainly appears that it has been abused." *Id.*

 Terzian was disclosed prior to trial on the expert witness list, and, hence, Appellant was apprised that Terzian would testify. An expert witness may testify regarding matters in his or her "personal knowledge or observation, upon competent guidance in the case, or both." *Wellman v. Wehmeyer,* 965 S.W.2d 348, 352 (Mo. App. E.D.1998)(*citing, State ex rel. Division of Family Services v. Guffey,* 795 S.W.2d 546, 551 (Mo.App. S.D.1990)).

 Appellant claims he was prejudiced by Terzian's testimony in that Appellant's post-trial investigation revealed evidence which would have contradicted Terzian's opinions. A new trial based upon post-trial evidence will be granted when there is proof of the following six elements:

(1) The evidence has come to [an appellant's] knowledge since trial,

(2) due diligence would not have uncovered the evidence sooner,

(3) the new evidence is so material it would probably produce a different result,

(4) the new evidence is not cumulative,

(5) the affidavit of the witness must be produced or its absence accounted for, and

(6) the object of the evidence is not to impeach the character or creditability of a witness.

*Higgins v. Star Elec., Inc.,* 908 S.W.2d 897, 903 (Mo.App. W.D.1995). The trial court has wide discretion in ruling upon a motion for new trial. *Id.*

 In the instant case, Appellant submitted several affidavits in support of his motion for new trial which attacked the credibility of Terzian's testimony. However, the contents of the affidavits are not so material as to affect the outcome at trial, and Appellant could have discovered this information before trial. We find that the trial court did not abuse its discretion in allowing Terzian to testify as an expert.[3] Point denied.

In his second point on appeal[4], this Court believes that Appellant is arguing that there was a lack of foundation for the testimony of two witnesses regarding similar injuries caused by using jump skids. Appellant's claim fails for multiple reasons.

 Appellant did not preserve either of these issues for appeal. Any allegation of error must be included in the motion for new trial in order to be preserved for appeal. Rule 78.07(a)(1). "To preserve evidentiary questions for appeal, there must be an objection giving the grounds at

---

3. Respondent claims that Terzian was designated as its corporate representative. However, upon review of the record, this Court was unable to locate that designation. This flaw is not fatal to Respondent as the foregoing analysis reveals that Terzian's endorsement as an expert was sufficient.

4. Appellant's second point recites:
The Trial Court Erred In Admitting Evidence Over [Appellant's] Objection Of A Lack Of Similar Injuries As Such Was Without Proper Foundation And Was Not Relevant.

The Foundation Through Rene Mahnensmith Was Limited To One Terminal Yet [Respondent] Introduced Evidence For Nationwide Product Uses Through Donald Blackmore. Ms. Mahnensmith Was Not Disclosed On Such Issue And After Trial It Was Revealed Others Had Been Injured. Lack Of Similar Injury Evidence Cannot Be Based On An Incomplete Search With Records Not Revealed And Cannot Be Based On Witness Testimony Such As "I Don't Know Of Any."

the time the evidence is sought to be introduced, and the same objection must be set out in the motion for new trial then carried forward in the appeal brief." *Brewer v. Raynor Mfg. Co.*, 23 S.W.3d 915, 917 (Mo. App. S.D.2000)(*citing, Rogers v.* B.G. *Transit Corp.*, 949 S.W.2d 151, 153 (Mo. App. S.D.1997)).

■■■■ Appellant noted in his motion for new trial that there would be additional grounds raised in his motion in support for new trial. However, the rules controlling motions for new trial must be strictly enforced; the trial court must be given the opportunity to correct its alleged errors without resorting to extrinsic aids. *Brandt v. Csaki*, 937 S.W.2d 268, 275 (Mo. App. W.D.1996). Hence, this point is not preserved. This Court will review this point for plain error even though the plain error rule rarely is applied in civil cases. *Hammer v. Waterhouse*, 895 S.W.2d 95, 106 (Mo.App. W.D.1995); Rule 84.13(c). In order to prevail on plain-error review, Appellant must show that the alleged error is evident, obvious and clearly has occurred, and resulted in manifest injustice or a miscarriage of justice. *Messina v. Prather*, 42 S.W.3d 753, 763 (Mo.App. W.D.2001).

■■■■ Appellant declares that Donald Blackmore's (hereinafter, "Blackmore") testimony regarding similar injuries was not restricted to a particular terminal. Blackmore's testimony was not restricted by the trial court because Appellant did not object to his testimony. "[P]lain error may not be used to cure mere failure to make proper and timely objections at trial." *Gilleylen v. Surety Foods, Inc.*, 963 S.W.2d 15, 18 (Mo.App. E.D.1998).

■■■■ Appellant also claims in this point on appeal that the trial court improperly admitted the testimony of Rene Mahnensmith (hereinafter, "Mahnensmith"). In his brief, Appellant argues that Mahnensmith's testimony was used to establish that jump skids are used millions of times nationwide and that there were no injuries similar to Appellant's at the Fort Wayne terminal. Appellant's argument fails. Admitting the testimony of Mahnensmith was not plain error. Appellant fails to point out where Mahnensmith's testimony compares similar injuries at the Fort Wayne terminal to injuries occurring nationwide. Upon this Court's review of the record, it is only evident that Mahnensmith testified as to the reporting procedure at the Fort Wayne terminal, where she maintained injury records, and that there was no other back injury from using jump skids at that terminal. Even assuming *arguendo* that the admission was plain error, no manifest injustice or miscarriage of justice resulted from her testimony. Point denied.

■■■■ Next, we assume Appellant alleges that the trial court erred in admitting Terzian's testimony which suggested that Appellant's employer wanted trucks with the manual jump skid design. Again, Appellant has failed to preserve this issue for appeal. We will review for plain error.

As in the previous point on appeal, Appellant fails to include this point in his motion for new trial. Further, Appellant never objected at trial to Terzian's testimony. "[P]lain error may not be used to cure mere failure to make proper and timely objections at trial." *Gilleylen*, 963 S.W.2d at 18. We find no plain error. Point denied.

■■■■ Appellant further claims the trial court erred in allowing portions of medical records to be read into evidence because the reports were hearsay and contained expert opinions which were not properly disclosed. We disagree.

■■■■ Appellant argues about the admission of two reports. Regarding the first

report, "the Miller record," no objections were made on the basis of undisclosed expert opinions or hearsay. In order for this Court to find error, the objection at trial must be specific. *Nangle v. Brockman*, 972 S.W.2d 545, 548 (Mo.App. E.D. 1998). We only consider an "objection to evidence on the same basis as that presented to the trial court." *Wisch & Vaughan Const. Co. v. Melrose Properties Corp.*, 21 S.W.3d 36, 44 (Mo.App.S.D.2000). This portion of Appellant's point fails.

■ Appellant requested a sidebar regarding the second report, "the Stoltz report." There was no specific objection made. Objections made at trial must be specific by pointing out the grounds upon which the objection is being made. *Rogers v. B.G. Transit Corp.*, 949 S.W.2d 151, 153 (Mo.App. S.D.1997). "It is not the duty of an appellate court to seine the record in order to discover, if possible, error by the trial court; it is the duty of an appellant to distinctly point out the alleged errors and where they can be found in the record." *Bowls v. Scarborough*, 950 S.W.2d 691, 703 (Mo.App. W.D.1997). Appellant's fourth point is denied.

■ Appellant's next point challenges the trial court's action in allowing Terzian to allegedly testify regarding state of the art of the jump-skid design. We find no error.

Appellant's counsel requested a sidebar during trial when Respondent attempted to introduce photographs into evidence. These photographs allegedly show other manufacturers continued to use the manual jump skid design in trailers after Appellant's injury. Appellant counsel never specifically objected to the introduction of the photographs; rather, counsel requested that the jury be given a limiting instruction so that the photographs would be limited only to issues in the negligence count. The trial court granted Appellant's

request for the limited instruction. Appellant received all the relief he requested; there is nothing preserved for appellate review. *See, State v. Harris*, 622 S.W.2d 330, 336 (Mo.App. E.D.1981). Point denied.

■ Appellant next claims the trial court improperly restricted the testimony of his expert because she was not allowed to express her biomechanical engineering opinions or her opinions based upon the reports of others. This proposition fails.

Appellant failed to include this allegation of error in his motion for new trial. Hence, the point is not properly preserved for appeal. *See, Brandt*, 937 S.W.2d at 275. We review for plain error. Rule 84.13(c).

■ Appellant states the bare fact that the exclusion of his expert's testimony was prejudicial to the outcome of his case. There was no offer of proof made at trial and therefore, we have no knowledge of the testimony which Appellant claims would effect his case. An offer of proof must be made at trial to preserve the issue of excluded evidence to show why the testimony is relevant and admissible. *JG St. Louis West Ltd. Liability Co. v. City of Des Peres*, 41 S.W.3d 513, 519 (Mo.App. E.D.2001). Additionally, Appellant did not show that this allegation of error materially affected the merits of this action. Rule 84.13(b). The trial court did not plainly err. Point denied.

Penultimately, Appellant urges that the trial court erred in failing to sanction Respondent because the trial court disregarded applicable authorities. Appellant claims Respondent repeatedly engaged in activities in which sanctions were required to be granted and there is no safe harbor provision in the federal statute. This point fails.

We will affirm the trial court's decision regarding the imposition of sanctions unless the court abused its discretion. *Brown v. Kirkham,* 23 S.W.3d 880, 883 (Mo.App. W.D.2000). The trial court abuses its discretion when its ruling "is clearly against the logic of the circumstances then before the court and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration." *Redfield v. Beverly Health and Rehabilitation Services, Inc.,* 42 S.W.3d 703, 711 (Mo.App. E.D.2001). The trial court does not abuse its discretion if reasonable persons can differ as to the propriety of its action. *Id.* Both the United States District Court Eastern District of Missouri and the trial court denied Appellant's motion for sanctions. Appellant offers many documents to this Court in support of its motion; however, we do not find anything to suggest that the trial court abused its discretion in denying the motion for sanctions. Point denied.

In his last point on appeal, Appellant claims the trial court erred in denying his motion for costs relating to the deposition of one of his witnesses because Respondent failed to admit the authenticity of the witness's records. Thus, Appellant believes that Respondent should have been required to pay for the cost of the deposition pursuant to Rules 59.01(a) and 61.01(c).

Appellant again states that the standard of review for this issue is *de novo* as the construction of a statute is involved; yet, Appellant never cites what statute is being construed or the effect it has on his argument. The trial court has broad discretion to control discovery including choosing a remedy in response to the nondisclosure of evidence or witnesses. *Wilkerson v. Prelutsky,* 943 S.W.2d 643, 647–48 (Mo. banc 1997). The trial court abuses its discretion when its ruling "is clearly against the logic of the circumstance then before the court and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration." *Redfield,* 42 S.W.3d at 711. The trial court does not abuse its discretion if reasonable persons can differ as to the propriety of its action. *Id.* We cannot say that the trial court's ruling shocks our sense of justice; point denied.

The judgment of the trial court is affirmed.

MARY K. HOFF, J., and SHERRI B. SULLIVAN, J., concur.